**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JOHNETTA KELLEY,
*Individually and as Mother and Next Friend of J.K., a Minor,*

Plaintiff,

v.

ROBERT L. BETHEA, JR.,

Defendant.

Civil Action No. 25-cv-01057-LKG

Dated: October 14, 2025

# MEMORANDUM OPINION

## I. INTRODUCTION

In this civil action, the Plaintiff, Johnetta Kelly, brings a negligence claim on behalf of herself and her minor daughter, J.K., against the Defendant, Robert Bethea, arising from an automobile accident that occurred in Maryland on November 1, 2021. ECF No. 3. The Defendant has moved to enforce the parties' proposed settlement agreement (the "Proposed Settlement Agreement") to resolve this claim. ECF Nos. 8 and 8-1. The Defendant has also filed a motion for leave to file certain exhibits submitted in support of his motion to enforce settlement under seal. ECF No. 9. The motion to enforce settlement is fully briefed. ECF Nos. 8, 8-1 and 13. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **DENIES** the Defendant's motion to enforce settlement (ECF No. 8) and (2) **GRANTS** the Defendant's motion for leave to file exhibits under seal (ECF No. 9).

## II. FACTS AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, the Plaintiff brings a negligence claim on behalf of herself and her minor daughter, J.K., against the Defendant, arising from an automobile accident that occurred in

[1] The facts recited in this memorandum opinion are taken from the complaint; the Defendant's motion to enforce settlement and memorandum in support thereof; and the Plaintiff's response in opposition thereto. ECF Nos. 3, 8, 8-1 and 13.

Maryland on November 1, 2021. *See generally* ECF No. 3. Specifically, the Plaintiff alleges that the Defendant was negligent, when the Defendant was traveling in the crossover lane from Northbound 201 to Southbound 301 in Prince George's County, Maryland, on November 1, 2021, and that the Defendant failed to yield the right of way to the vehicle in which J.K. was traveling. *Id*. at ¶¶ 3-5. The Plaintiff also alleges that, as a direct and proximate result of the Defendant's negligence, J.K. sustained severe and permanent bodily injuries. *Id*. at ¶¶ 4-6. And so, the Plaintiff seeks, among other things, to recover monetary damages and costs from the Defendant. *Id*. at Prayer for Relief.

The parties engaged in settlement negotiations to resolve the Plaintiff's negligence claim. ECF Nos. 8-3, 8-4, 8-5, 8-6, 8-7, 8-8, 8-9, 8-10, 8-11 and 8-12. Those discussions resulted in a Proposed Settlement Agreement by and between the parties, pursuant to which the Defendant agreed to pay to the Plaintiff (on behalf of J.K.) $270,000.00, and to pay the Plaintiff $500.00, in exchange for a release of the Plaintiff's claim. *See* ECF No. 8-11. The Defendant also proposed that the parties seek and obtain the Court's approval of their Proposed Settlement Agreement as a term of that agreement. *See* ECF Nos. 8-10 and 8-11. But the Plaintiff did not agree to accept the Defendant's proposal for Court approval of the Proposed Settlement Agreement. *See* ECF No. 8-12.

The Defendant alleges that, on January 24, 2024, the Plaintiff accepted his proposal to make a payment in the amount of $270,000.00, but the Plaintiff "attempted to reject court approval [of the Settlement Agreement]." ECF No. 8-1 at 4. The Defendant also alleges that the Plaintiff previously accepted court approval of the Proposed Settlement Agreement and that the "Plaintiff's [subsequent,] refusal to proceed on those terms risks undermining the finality of the settlement and suggests either dissatisfaction with the negotiated amount or an attempt to preserve the option for future litigation." *Id*. And so, on April 22, 2025, the Defendant filed a motion to enforce settlement, seeking to "enforce the settlement agreement as finalized on January 24, 2024, including the court approval condition." *Id*. at 4-5.

**B. Procedural History**

On September 16, 2024, the Plaintiff commenced this matter in the Circuit Court for Prince George's County, Maryland. ECF No. 3 at 1. On March 31, 2025, the Defendant removed the case to this Court. ECF No. 1.

On April 22, 2025, the Defendant filed a motion to enforce settlement and a motion for leave to file certain exhibits under seal. ECF Nos. 8 and 9. On May 8, 2025, the Plaintiff filed a response in opposition to the Defendant's motion to enforce settlement. ECF No. 13.

The Defendant's motion to enforce settlement agreement having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Approval And Enforcement Of Settlement Agreements

This Court has recognized that "'[f]ederal courts are not vested with a general power to review and approve settlements of suits between private parties,' although a number of exceptions exist by both statute and rule." *Kanu v. Toyota Motor Sales, USA, Inc.*, No. CV DKC 15-3445, 2016 WL 3669945, at *3 (D. Md. July 11, 2016) (quoting *Est. of Sa'adoon v. Prince*, 660 F. Supp. 2d 723, 724-25 (E.D. Va. 2009) (identifying class action suits, False Claims Act cases, shareholder derivative suits, bankruptcy claims, claims involving parties who are incompetent or otherwise lacking capacity to waive rights knowing and intelligently, and wrongful death claims as exceptions to the general rule). The United States Court of Appeals for the Fourth Circuit has also held that "a private settlement, although it may resolve a dispute before a court, ordinarily does not receive the approval of the court." *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 280 (4th Cir. 2002) (citing *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 835 (3d Cir. 1995)).

In this regard, the Court's Local Rule 111 addresses settlement orders and this rule permits the Court to enter an order dismissing the case and providing for the payment of costs after receiving notice of the parties' settlement:

> When the Court has been notified by counsel that a case has been settled, the Court may enter an order dismissing the case and providing for the payment of costs. Such an order of dismissal shall be without prejudice to the right of a party to move for good cause to reopen the case within a time set by the Court if the settlement is not consummated. Alternatively, the Court, upon being notified by counsel that a case has been settled, may require counsel to submit within sixty (60) days a proposed order providing for settlement, in default of which the Court may enter such judgment or other order as may be deemed appropriate. An order entered pursuant to this Rule means that the entire case, including all claims, counterclaims, cross-claims, third-party claims, and claims for attorneys' fees and costs has been settled, unless otherwise stated in the order.

L.R. 111 (D. Md. 2025). But, as this Court has previously observed, Local Rule 111 "creates no special obligation for district courts to approve settlements involving minors." *Kanu.*, 2016 WL 3669945, at *4.

Maryland law does, however, address settlements involving minors. Notably, Maryland law provides that:

> (a) A parent of a minor or person in loco parentis of the minor may settle a claim under a liability insurance policy brought by the parent or person in loco parentis for the benefit of the minor.
>
> (b) The payment of a settlement of a claim made under this section for the benefit of a minor shall comply with Title 13, Subtitle 4 of the Estates and Trusts Article.

Md. Code Ann., Ins. § 19-113. Maryland law also provides that:

> (a) Any action, including one in the name of the State, brought by a next friend for the benefit of a minor may be settled by the next friend.
>
> (b) If the next friend is not a parent or person in loco parentis of the child, the settlement is not effective unless approved by the parent or other person responsible for the child.
>
> (c) If both parents are dead, and there is no person responsible for the care and custody of the child, the settlement is not effective unless approved by the court in which the suit was brought. Approval may be granted only on the written application by the next friend, under oath, stating the facts of the case, and why the settlement is in the best interest of the child.

Md. Code Ann., Cts. & Jud. Proc. § 6-405.

In this regard, Maryland courts have held that, "[w]ith specific reference to a child's cause of action and parental authority, [Section 6-405] . . . unequivocally affords parents the authority to settle or release . . . claims on behalf of their minor children." *BJ's Wholesale Club, Inc. v. Rosen*, 80 A.3d 345, 355-56 (Md. 2013) (citations omitted). Parents may "settle a child's existing claims without judicial interference." *Id*. at 356. Given this, "parents in Maryland, rather than the courts, are authorized to make decisions to terminate tort claims on behalf of their children pursuant to Section 6-405." *Id*. at 357; *Kanu*, 2016 WL 3669945, at *4 (citing *Rosen*,

80 A.3d at 357). And so, this Court has previously declined to approve a settlement agreement, when the settlement agreement involved a claim brought on behalf of a minor child. *Kanu*, 2016 WL 3669945, at *5.

Lastly, "district courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Lab'ys., Inc*., 277 F.3d 535, 540 (4th Cir. 2002). In Maryland "[s]ettlement agreements are enforceable as independent contracts, subject to the same general rules of construction that apply to other contracts." *Maslow v. Vanguri*, 896 A.2d 408, 419 (Md. Ct. Spec. App. 2006). And so, "[o]rdinarily, as a matter of Maryland contract law, a party seeking to enforce a settlement agreement 'must show (1) offer and acceptance, (2) consideration, and (3) an agreement containing definite and material terms.'" *Davis v. Wash. Metro. Area Transit Auth*., No. TJS-23-1171, 2023 WL 7410855, at *2 (D. Md. Nov. 8, 2023) (citations omitted).

## IV. ANALYSIS

The Defendant has moved to enforce the parties' Proposed Settlement Agreement in this matter, upon the grounds that the parties "reached a binding agreement with clear mutual assent to the material terms" and the Court possesses the inherent authority to enforce that agreement. ECF No. 8-1 at 4-5. And so, the Defendant requests that the Court enforce the "parties' binding settlement agreement in the amount of $270,000.00 to J.K., and $500.00 to Ms. Kelly, contingent upon court approval." *Id*. at 5.

The Plaintiff counters that the Court does not have the authority to approve or to enforce the Proposed Settlement Agreement, which involves a claim brought on behalf of a minor, under Maryland law. ECF No. 13 at 2 (citing *Rosen*, 80 A.3d at 357). And so, the Plaintiff requests that the Court deny the Defendant's motion. *Id*. at 3.

For the reasons set forth below, the Court reads Maryland law to provide that the Plaintiff, rather than the Court, is authorized to make decisions to terminate the negligence claim in this case on behalf of her minor child. And so, the Court: (1) DENIES the Defendant's motion to enforce settlement (ECF No. 8) and (2) GRANTS the Defendant's motion to file certain exhibits under seal (ECF No. 9).

### A. The Court Declines To Enforce The Proposed Settlement Agreement

The Court observes, as an initial matter, that the factual record in this case shows that the parties have not reached an agreement to settle this dispute. Notably, while the parties agree that

they have engaged in settlement negotiations to resolve the Plaintiff's negligence claim, there is also no dispute that the Plaintiff ultimately did not agree to accept the Defendant's proposal that the Court approve the Proposed Settlement Agreement. ECF No. 8-1 at 2; ECF No. 8-12. The Defendant contends that the Plaintiff previously accepted the condition requiring court approval of the Proposed Settlement Agreement, and that the Plaintiff later reneged on this part of the parties' agreement. ECF No. 8-1 at 4. Nonetheless, the undisputed facts before the Court make clear that the Plaintiff communicated to the Defendant that she did not accept this term on January 24, 2024, and that the Defendant has not made any payments to the Plaintiff and J.K. to resolve this dispute to date. *See* ECF No. 8-12.

Given these facts, it does not appear to the Court that there is a settlement agreement between the parties for the Court to enforce in this case. *Davis*, 2023 WL 7410855, at *2 (holding that ordinarily, as a matter of Maryland contract law, a party seeking to enforce a settlement agreement 'must show (1) offer and acceptance, (2) consideration, and (3) an agreement containing definite and material terms.'"). And so, for this reason, the Court must DENY the Defendant's motion to enforce.

To the extent that the Defendant is seeking an order from the Court approving any settlement agreement by and between the parties in this case, such relief is also unwarranted. As this Court has recognized, "'[f]ederal courts are not vested with a general power to review and approve settlements of suits between private parties,' although a number of exceptions exist by both statute and rule." *Kanu*, 2016 WL 3669945, *3 (citation omitted). Given this, "a private settlement, although it may resolve a dispute before a court, ordinarily does not receive the approval of the court." *Smyth*, 282 F.3d at 280.

Relevant here, Maryland courts have held that Section 6-405 of the Maryland Code Annotated "unequivocally affords parents the authority to settle or release . . . claims on behalf of their minor children." *Rosen*, 80 A.3d at 355-56 (citations omitted). Given this, "parents in Maryland, rather than the courts, are authorized to make decisions to terminate tort claims on behalf of their children pursuant to Section 6-405." *Id*. at 357; *see also Kanu,* 2016 WL 3669945, at *4. And so, this Court has previously declined to approve a settlement agreement, when the settlement agreement involved a claim brought on behalf of a minor child. *Kanu*, 2016 WL 3669945, at *5.

In this case, the Defendant seeks to enforce the Proposed Settlement Agreement to resolve the negligence claim brought by the Plaintiff on behalf of her minor child, J.K., by requiring that the purported settlement agreement be subject to court approval. ECF Nos. 8 and 8-1. But Maryland courts have made clear that, "parents in Maryland, rather than the courts, are authorized to make decisions to terminate tort claims on behalf of their children." *Id*. at 357; *see also Kanu,* 2016 WL 3669945, at *4. Given this, this Court lacks the authority to intrude upon the decisions of the Plaintiff in determining whether, and how, to resolve the negligence claim that she asserts in this case on behalf of J.K. And so, the Court must also DENY the Defendant's motion to enforce for this independent reason.

**B. The Court Will Grant The Defendant's Motion To Seal**

As a final matter, the Court will GRANT the Defendant's motion to seal certain exhibits filed in support of his motion to enforce. The Defendant has moved to seal Exhibits 1-2 and 4-10 to his motion to enforce, upon the grounds that these documents contain the personal and identifying information of a minor child. ECF No. 9. No objections to this motion have been filed.

A careful review of the subject exhibits shows that these documents contain the full name of J.K. and other personally identifying information. ECF Nos. 10-1 to 10-9. Given this, the Court is satisfied that the release of these documents would harm the privacy rights of the Plaintiff and J.K. The Court also finds that there are no less restrictive alternatives to sealing these documents that would sufficiently protect the privacy rights of J.K. And so, the Court GRANTS the Defendant's motion to seal and DIRECTS the Clerk to maintain Exhibits 1, 2 and 4-10 UNDER SEAL (ECF Nos. 10-1 to 10-9).

**V. CONCLUSION**

In light of the foregoing, the Court:

(1) **DENIES** the Defendant's motion to enforce settlement agreement (ECF No. 8);

(2) **GRANTS** the Defendant's motion to file certain exhibits under seal (ECF No. 9); and

(3) **DIRECTS** the Clerk to maintain ECF Nos. 10-1 to 10-9 **UNDER SEAL**.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge